## PALMER v. TRIPP'S ADMINISTRATOR.

When a party, in consideration of a conveyance of land to him, agrees to pay an outstanding note of his vendor, and writes his name on the back of the note as a memorandum of said agreement, at the same time acknowledging his liability : *Held*, that the liability thus assumed is not the conditional liability of an endorser, but a primary and unconditional obligation to pay the note, for which he had received a full consideration.

In such case, parol evidence of the deed is admissible to prove consideration for the agreement to pay the note.

APPEAL from the Superior Court of the City of San Francisco.

This was an action in the Court below, brought by W. H. Palmer, as the assignee of one R. B. Smith, against the defendant, as the administrator of William H. Tripp, deceased, to enforce a contract of the following kind, to wit :

Mowry W. Smith being indebted to R. B. Smith, and unable to pay him in money, proposed to convey to him a farm, in Sonoma county, in payment of the debt, or as security therefor. This being declined, it is agreed between Mowry W. Smith, R. B. Smith, and W. H. Tripp, that Mowry W. Smith shall convey to defendant the farm in Sonoma county, in consideration of which Tripp agrees to pay R. B. Smith the amount of Mowry W. Smith's note. A few days after this agreement, R. B. Smith met Tripp in the street, and asked him to endorse his name upon the note. Tripp does go and acknowledge that Mowry W. Smith had conveyed to him the Sonoma ranch, in conformity with the agreement, and said that he now was to pay the note.

This claim was presented to the defendant, as administrator, and payment refused. The complaint contains no allegations of demand upon M. W. Smith, the maker of the note, and notice of non-payment to defendant, but states substantially the foregoing matter.

Judgment was rendered for plaintiff. Defendant moved for a new trial, which being denied, he appealed.

*C. Temple Emmet* for Appellant.

The complaint does not allege a demand on the maker, or notice of dishonor, to Tripp, the alleged endorser, or to his administrator.

Nor did the plaintiff attempt to prove such demand and notice.

On the trial, the plaintiff proposed to prove, by the parol testimony of R. B. Smith, a conveyance of land to Tripp as the consideration for his endorsement. To this evidence the defendant objected, because the absence of the deed of conveyance had not been accounted for. But the Court overruled the objection, (to

which ruling the defendant excepted at the time,) and admitted the evidence.

The contract is conditional. Its legal meaning is, that the endorser will pay, if the maker, upon being demanded, refuses, and he has due notice of such refusal. These are conditions precedent to his liability.

The fact that he has received a consideration does not vary the character of the contract.

The plaintiff below relies on this conveyance to excuse his want of demand and notice. It is the gist of his recovery. Yet how can the Court ascertain that the alleged conveyance was, in point of fact, a consideration, without seeing the deed, or learning its contents.

There may be no paper, even, purporting to be a deed; or it may not be a deed, in legal signification. And certainly, if there be no deed, there is no conveyance, and if no conveyance, there is no consideration.

The rule as to the admission of secondary evidence is imperative. McCann v. Beach, 2 Cal. Rep., 25; Powell's Heirs v. Hendricks, 3 Cal. Rep., 427; Hensley v. Tarpsey, January T., 1857.

If it be attempted to fix the defendant's liability on the promise alleged in the complaint, we answer that this promise, if any, was contemporaneous with the endorsement, and no rule is better settled than that antecedent and contemporaneous verbal statements or promises relating to the same subject-matter are merged in the written contract. Chitty on Contracts, p. 99.

*McDougall & Sharpe* for Respondent.

Upon an examination of the record in this cause, it will be seen that the first point made by appellant is based upon a misapprehension as to the cause of action. It is not a suit brought upon an endorsement of Tripp, but upon a contract on the part of Tripp to pay the debt in the first instance.

The complaint and testimony show a primary, direct, and unconditional liability from Tripp to Smith, the payee—not as evidence or as guaranty of payment by the principal, but a contract for consideration, to pay himself.

The plaintiff below was not undertaking to prove the conveyance of any certain land by Mowry W. Smith to Tripp, but a contract by Tripp to pay the indebtedness, and that there was a consideration therefor. This consideration Tripp admitted.

The deed was a mere collateral fact. It was for R. B. Smith to know or inquire into the nature or value of the conveyance made to Tripp; it was sufficient that Tripp was satisfied. To produce this deed could not then be the business of R. B. Smith's assignees.

If produced, it could not have affected the question of liability, one way or the other.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

The record in this case discloses the following state of facts: Mowry W. Smith, being indebted to R. B. Smith, executed his promissory note for the sum, payable on demand. By an arrangement entered into between the parties, it was agreed that Mowry W. Smith should convey certain real estate to Tripp, who, in consideration thereof, was to pay said note. Some time after the making and delivery of the note, Tripp, at the request of R. B. Smith, the payee, wrote his name upon the back of it, by way of memorandum of said agreement, at the same time acknowledging his liability, and the conveyance which had been made by the payor of the note to meet the same.

The appellants assign two grounds of error: 1. That there is no allegation of presentation of the note to the maker, or notice of non-payment to Tripp. 2. That the Court erred in admitting parol evidence of the deed from Mowry W. Smith to Tripp, the absence of the same not having been satisfactorily accounted for. Neither of these grounds are tenable. The plaintiff does not declare against Tripp as an endorser; he counts upon the original agreement between them, whereby he became primarily and unconditionally liable, and relies upon the endorsement upon the note as a memorandum of said agreement, not as a collateral liability or undertaking, on his part, to pay, in the event that the maker should fail to do so. There was no error in admitting parol testimony of the deed. The plaintiff was not attempting to establish a conveyance of lands from Smith to Tripp, but an agreement, on Tripp's part, to assume the note, the consideration of which was a conveyance, which Tripp admitted. If the deed had been produced, it is difficult to perceive how it could have affected the liability of the defendant, as he had already acknowledged its sufficiency, and assumed the payment of the note upon the strength of it.

Judgment affirmed.